UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

DANNY FREEMAN,

    Petitioner,

         – against –

JOHN BURGE,

    Respondent.

----------------------------------------X

ORDER
05-CV-1585 (JFB)

JOSEPH F. BIANCO, District Judge:

By Memorandum and Order dated May 22, 2009 (the "Order"), the Court denied Danny Freeman's ("Freeman" or "petitioner") petition for *habeas corpus*. In his amended petition, Freeman asserted that: (1) he was denied the effective assistance of counsel because his trial attorney failed to object to hearsay testimony provided by four prosecution witnesses; (2) the trial court erred by ordering petitioner's sentence for criminal possession of a weapon in the third degree to run consecutively to his other sentences; and (3) his appellate counsel was ineffective. In the Order, this Court explained that petitioner's first and second claims were procedurally barred and also denied all three claims on the merits. (Docket No. 55.) Petitioner filed a motion for reconsideration on December 6, 2010, pursuant to Federal Rule of Civil Procedure 60(b)(6) and Local Civil Rule 6, in which he argued that this Court improperly denied his ineffective assistance of trial counsel claim on both procedural grounds and the merits. For the reasons set forth below, this Court denies the motion for reconsideration and adheres to the determinations in the May 22, 2009, Order.

Rule 60(b) of the Federal Rules of Civil Procedure permits the Court to relieve a party from an order in the event of mistake, inadvertence, excusable neglect, newly discovered evidence, fraud, or in exceptional or extraordinary circumstances. Fed. R. Civ. P. 60(b); *House v. Secretary of Health and Human Services*, 688 F.2d 7, 9 (2d Cir. 1982). Specifically, Rule 60(b) provides that relief may be granted for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). The Second Circuit has instructed that Rule 60(b) is "extraordinary judicial relief" and can be granted "only upon a showing of exceptional circumstances." *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986); *accord United States v. Bank of N.Y.*, 14 F.3d 756, 759 (2d Cir. 1994).

Local Civil Rule 6.3 provides that a party moving for reconsideration must "set[] forth concisely the matters or controlling decisions which [the party] believes the court has overlooked." "The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *see also Medoy v. Warnaco Emples. Long Term Disability Ins. Plan*, 97 cv 6612 (SJ), 2006 U.S. Dist. LEXIS 7635, at *4 (E.D.N.Y. Feb. 15, 2006) ("The standard . . . is

2

strict in order to dissuade repetitive arguments on issues that have already been considered fully by the Court.").

As an initial matter, petitioner's motion for reconsideration is untimely. This Court denied petitioner's *habeas corpus* petition on May 22, 2009, but petitioner filed his motion for reconsideration on December 6, 2010–approximately a year and a half later. As discussed *supra*, Rule 60(b) provides six grounds for relief. Petitioner moves under the "catch-all" provision of Rule 60(b)(6) ("any other reason justifying relief from the operation of the judgment"). "Rule 60(b)(6) only applies if the reasons offered for relief from judgment are not covered under the more specific provisions of Rule 60(b)(1)-(5)." *Warren v. Garvin*, 219 F.3d 111, 114 (2d Cir. 2000); *see also Liljeberg v. Health Serv. Acquisition Corp.*, 486 U.S. 847, 863 & n. 11 (1988) ("Rule 60(b)(6) . . . grants federal courts broad authority to relieve a party from a final judgment . . . provided that the motion . . . is not premised on one of the grounds for relief enumerated in clauses (b)(1) through (b)(5)."). "In particular, Rule 60(b)(6) may not be used to circumvent the 1-year limitations period that governs Rule 60(b)(1)." *Warren*, 219 F.3d at 114. Here, it is apparent that petitioner's motion for reconsideration is based on this Court's alleged mistake in applying the law under Rule 60(b)(1), was filed more than one year after this Court issued the Order, and is therefore barred from review under Rule 60(b)(6).[1] *See United Airlines,*

---

[1] It is apparent that Rule 60(b)(2), (3), (4) and (5) are not applicable to this case, and are not further discussed. Petitioner does not point to any newly discovered evidence, fraud, misrepresentation or other misconduct by the respondent, this Court's decision denying *habeas* relief was not "void," nor has "the judgment [ ] been satisfied . . . , or a prior judgment upon which it is based [ ] been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application."

3

*Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009); *Niederland v. Chase*, No. No. 10–3657–cv, 2011 WL 2023253, at *1 (2d Cir. May 25, 2011).

In any event, assuming *arguendo* that the motion for reconsideration is not time-barred, this Court denies the motion in the alternative on the merits for the reasons stated in the Order. In his motion for reconsideration, petitioner argues that: (1) this Court "incorrectly conclude[d]" that petitioner failed to exhaust his ineffective assistance of counsel claim; and (2) this Court "[m]isapplied [e]xisting [l]aw" in concluding that petitioner's ineffective assistance of trial counsel claim was without merit. The Court first addresses petitioner's argument with respect to exhaustion. Petitioner incorrectly conflates his ineffective assistance of trial counsel claim with his ineffective assistance of appellate counsel claim. The fact that petitioner raised a particular claim for ineffective assistance of appellate counsel to the New York Court of Appeals does not make his ineffective assistance of trial counsel claim based on the same issue exhausted. This Court thus reaffirms its conclusion in the Order that petitioner's ineffective assistance of trial counsel claim is unexhausted and procedurally barred. (*See* Docket No. 55 at 7, 11.)

Similarly, petitioner has failed to proffer a valid argument in challenging this Court's denial of *habeas* relief on the merits based on ineffective assistance of trial counsel. Petitioner argues that trial counsel should have objected to hearsay testimony recounting what Leonard Thames told to the police with respect to how petitioner killed Charlie Walker. Petitioner takes issue with this Court's conclusion that such testimony was not hearsay because it was used to counter petitioner's challenge to the voluntariness of his confession. This Court concludes here, as it did in the Order, that the statements by Thames were not hearsay for the reasons set forth in the Order–namely, because the statements were offered not for their truth "but to establish the

circumstances in which [petitioner's confession] was obtained," and to rebut petitioner's argument that it was not voluntary. (Docket No. 55 at 15.) However, even if the testimony is impermissible hearsay, petitioner's claim is still denied because counsel's failure to object to the allegedly hearsay testimony may have been part of sound trial strategy and, in any event, the admission of the allegedly hearsay testimony was not prejudicial to petitioner because the prosecution presented overwhelming evidence against petitioner.[2] (*See* Docket No. 55 at 16-18, n. 16.)

In addition, petitioner has not pointed to any controlling decisions or evidence that this Court overlooked in deciding to deny Freeman's *habeas* petition.[3] A motion for reconsideration "is not one in which a party may reargue 'those issues already considered when a party does not like the way the original motion was resolved.'" *Joseph v. Manhattan & Bronx Surface Transit Operating Auth.*, 96 Civ. 9015 (DAB), 2006 U.S. Dist. LEXIS 11924, at *4 (S.D.N.Y. Mar. 22, 2006) (quoting *In re Houbigant, Inc.*, 914 F. Supp. 997, 1001 (S.D.N.Y. 1996)). Petitioner fails to demonstrate that reconsideration is warranted and, thus, petitioner's motion is denied.

---

[2] Petitioner does not challenge in his motion for reconsideration this Court's decision denying *habeas* relief based on petitioner's sentence for third-degree weapon possession running consecutively to the other sentences nor this Court's conclusion that his appellate counsel was effective. In any event, this Court adheres to those rulings for the reasons set forth in the Order. (*See* Docket No. 55 at 18-23.)

[3] Petitioner cites *Crawford v. Washington*, 541 U.S. 36 (2004), in support of his argument that the Court overlooked controlling precedent on the issue of hearsay evidence. (Pet'r's Br. at 27.) However, *Crawford* did not address a situation where, as here, the petitioner challenged the voluntariness of his confession and the allegedly hearsay statement was admitted to rebut that assertion. Instead, *Crawford* concerned the admission of a recorded statement by petitioner's wife to demonstrate that petitioner did not act in self-defense. *Id.* at 38. In any event, as this Court indicated above, even if Thames's statements were inadmissible, petitioner's ineffective assistance of trial counsel claim would nevertheless be denied for the reasons stated *supra*.

As petitioner has not alleged any facts sufficient to warrant relief from the Court's Order under Federal Rule of Civil Procedure 60(b), the motion to reconsider the Court's Order denying *habeas* relief is denied. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

JOSEPH F. BIANCO
UNITED STATES DISTRICT JUDGE

Dated:   June 30, 2011
         Central Islip, New York